DOUCET, Judge,
dissenting.
I respectfully dissent. The denial of the motion to suppress should be affirmed.
In my opinion, the police had sufficient reason for a stop and frisk under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police had gotten a search warrant to prevent the removal of evidence from the place of business of Clifton Harmon, who had 12 hours previously been arrested on drug charges. When Detective Scheufens drove up with the other officers, he saw relator “at the door of the cafe.” He had opened the front door of the cafe and relator started walking in a southeasterly direction away from the police units when he saw them drive up. Det. Folds stated that relator was acting nervous and watched the police out of the side of his eyes as he walked away. Det. Folds also testified that when relator saw the officers, he “reached for the front of his britches, or pants area, like he was either going for something or putting something inside of them.” Det. Folds warned the other officers that relator was “reaching for the front of his britches.” Additionally, the incident occurred in a high crime area and the police had had trouble with bystanders when searching Harmon’s residence.
As a result, sufficient evidence existed to provide a basis to detain the defendant.